# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK DOUGLAS, | : | |
| | : | 1:15-cv-1740 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | |
| PENNSYLVANIA DEPARTMENT OF | : | |
| MILITARY AND VETERANS AFFAIRS | : | |
| and HOLLIDAYSBURG VETERANS | : | |
| HOME, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

### June 27, 2016

Pending before the Court is the Motion for Judgment on the Pleadings filed by the Department of Military and Veterans Affairs and the Hollidaysburg Veterans Home (collectively "Defendants"). (Doc. 14). For the reasons that follow, we shall grant Defendants' Motion for Judgment on the Pleadings to the extent that we shall dismiss the case.[1]

Plaintiff Mark Douglas ("Plaintiff") commenced this action on September 4, 2015, by filing a Complaint alleging race and age discrimination in employment stemming from his previous employment with the Pennsylvania Department of

---

[1] The Court notes that this is Plaintiff's second unsuccessful attempt to pursue an action based on the underlying facts in this case. *See Douglas v. Dep't of Military &Veterans Affairs,* Civil Action No. 1:14-cv-297. The previous action was dismissed based on insufficient service of process.

1

Military and Veterans Affairs at the Hollidaysburg Veterans as a Unit Clerk. (Doc. 1).  On February 24, 2016, Defendants filed the instant Motion for Judgment on the Pleadings (Doc. 14) along with a Brief in Support. (Doc. 15).  Noting that he had not timely done so, on May 18, 2016, we ordered Plaintiff to file a brief in opposition to Defendants' Motion within five business days.  (Doc. 19).  Plaintiff thereafter filed a Brief in Opposition to Defendants' Motion for Judgment on the Pleadings on May 25, 2016.  (Doc. 20).

Within his brief, Plaintiff admits that the entities named as Defendants in his complaint are protected from suit by sovereign immunity.  (Doc. 20, p. 1). Plaintiff also concedes that his action as filed is time-barred, but asserts that the facts pled by him support a timely cause of action for racial discrimination under different statutory framework, namely Section 1981 of the Civil Rights Act of 1866.  (Doc. 20, p. 2).  Following these admissions, Plaintiff requests an opportunity to amend his complaint to name new Defendants and claims.

To be sure, while the Federal Rules of Civil Procedure permit liberal amendment of pleadings, they do not contemplate situations such as this wherein a Plaintiff seeks to name entirely new parties and a different cause of action. Accordingly, we shall dismiss this case without prejudice, noting editorially that if Plaintiff desires to pursue a timely claim against proper parties arising out of the

facts set forth in his Complaint, he is free to file a new action within the applicable statute of limitations.[2]

Based on the foregoing, given the circumstances of this case, we shall grant Defendants' Motion for Judgment on the Pleadings to the extent that we are dismissing the case. An appropriate Order shall follow.

---

[2] Defendants' motion is premised on Fed. R. Civ. P. 12(c), however, given the circumstances, we do not need to reach a decision on the merits.